IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Teresa N. Cosby,        )<br>                              )<br>           Plaintiff,    )<br>                              )<br>vs.                        )<br>                              )<br>The Legal Services Corporation, Inc.,    )<br>                              )<br>           Defendant.    )<br>                              ) | Civil Action No. 6:05-0131-GRA-WMC<br><br>**O R D E R** |

This matter is before the court on the defendant's motion for sanctions.[1] In her amended complaint, the plaintiff alleges causes of action against the Legal Services Corporation, Inc. ("LSC") for defamation per se, slander per se, malicious prosecution, civil conspiracy, outrage, abuse of process, and negligent supervision. The matter was referred to this court by order of the Honorable G. Ross Anderson, Jr., United States District Judge, on February 27, 2006.

This lawsuit arises from a report issued by the LSC regarding the South Carolina Centers for Equal Justice ("SCCEJ"). LSC is an agency that distributes grants to legal service programs, such as the SCCEJ. The plaintiff was formerly the Executive Director of the SCCEJ. David de la Tour, an employee of LSC, led the investigation into an anonymous complaint against the SCCEJ. The report regarding this investigation was issued on November 6, 2003 ("SCCEJ Report"). Two weeks later, on November 20, 2003, de la Tour filed a gender discrimination grievance against Randi Youells, who was at that time a vice president of LSC. The LSC retained an outside attorney, Nicolo Donzella, to

---

[1] The motion was filed on behalf of defendants Legal Services Corporation ("LSC"), as well as John Eidleman, Danillo Cardona, and David de la Tour, all in their individual capacities and in their capacities as employees of LSC. By stipulation filed April 5, 2006, the individual defendants were dismissed from this action, leaving LSC as the sole defendant.

conduct an investigation and analysis of that grievance. After conducting interviews, Donzella provided the LSC with a detailed report ("Donzella Report") including his analysis of the grievance and legal advice to LSC.

On March 30, 2006, a telephone status conference regarding discovery issues was held before this court. In that hearing, this court directed the defendant to produce the Donzella Report for *in camera* review to determine whether the report should be provided to the plaintiff. The defendant objected to the discovery requests regarding the Donzella Report on the basis that it is (1) irrelevant; (2) the subject of confidential internal personnel matters at LSC; and (3) subject to the attorney client privilege and work product doctrine. The documents provided to the court for *in camera* review include de la Tour's employee grievance, of which the plaintiff has obtained a copy from another source; Donzella's investigative report and conclusions submitted to the LSC; statements of witnesses who were interviewed by Donzella; and documents from the LSC that Donzella reviewed in making his report, most of which the defendant has provided to the plaintiff. According to the defendant, the only documents reviewed by Donzella in making his report that have not been provided to the plaintiff are documents that relate to a program in Florida that was also the subject of the grievance. It does not appear that those documents are relevant to the instant action.

The court has reviewed the Donzella Report and witness statements and finds that they are subject to the attorney-client privilege and work product doctrine. The Donzella Report provides legal advice to the LSC and recites Donzella's views and opinions on his investigation, and the witness statements were conducted by Donzella and contain his comments and approach to the investigation. Furthermore, the employee grievance information is sensitive employee information. Many of the witnesses interviewed by Donzella have information about the issuance of the SCCEJ Report and the complaints made between de la Tour and Youells. They also discuss other incidents outside of the

SCCEJ situation that are not relevant to this lawsuit. It appears that the plaintiff has had sufficient access to all witnesses who were identified as witnesses in this case and could obtain the information gathered by Donzella by other means. Accordingly, the defendant is not required to provide the documents to the plaintiff.

This court has considered the arguments of counsel with regard to the motion for sanctions and finds that the motion should be denied at this time.

IT IS SO ORDERED.

s/William M. Catoe
United States Magistrate Judge

April 6, 2006

Greenville, South Carolina